IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case Number 3:21CR30003 DWD -2 |
| | ) |
| WARREN GRIFFIN, | ) |
| | ) |
|     Defendant. | ) |

<u>MOTION AND MEMORANDUM IN SUPPORT TO EXCLUDE TESTIMONY
AND EVIDENCE REGARDING HISTORICAL CELL SITE INFORMATION
AND CELLEBRITE UFED TOOL</u>

COMES NOW Defendant, Mr. Warren Griffin, by and through counsel and pursuant to Fed R. Evid. 403 and 702 moves this Court to exclude from trial testimony and evidence regarding historical cell site information and Cellebrite UFED tool. In support of his Motion, Defendant states as follows:

1. Mr. Griffin has been charged in four counts of a thirteen count Indictment filed on January 21, 2021, alleging offense of RICO, murder in aid of RICO, and use of a firearm in furtherance of a crime of violence and with death resulting. (R. 1).

2. The Government has provided Notice that it intends at trial to rely upon testimony of FBI Special Agent Greg Catey as "an expert in the field of historical cell site analysis." (R. 379). The Government offers SA Catey's testimony as "relevant and helpful to the jury" in establishing that "cell phones used by defendants and their coconspirators were present in the vicinity of certain significant locations where crimes alleged in the indictment occurred." (R. 379).

3. Discovery reflects that the Government intends to attempt to use "historical cell cite information" to place two cell phones purportedly associated with Mr. Griffin in the Chicagoland

1

area on May 18, 2018. Discovery reflects that the Government will assert that Mr. Griffin was present with those phones at 7159 S. Euclid Avenue in Chicago, Illinois where Mr. Wilson was killed as alleged in Counts 11, 12, and 13. (R. 1). Discovery further reflects that the Government will attempt to place these two phones in proximity to co-defendant Mr. Dobbins on May 18 and May 19, 2018.

    4. Discovery reflects that the Government obtained a search warrant to examine three phones that were purportedly with Mr. Griffin when he was arrested on August 8, 2018 in the Southern District of Illinois. Discovery reflects that Government agents utilized a Cellebrite UFED tool to extract data from these three phones after they were seized.

    5. Defendant moves pursuant to Fed. R. Evid. 403 and 702 to exclude evidence and testimony of historical cell cite information and use and results from the Cellebrite UFED tool. The proffered evidence violates Fed. R. Evid. 702 in that is not based on sufficient facts or data and is not the product of reliable principles and methods. Further, the proffered evidence violates Fed. R. Evid. 403 in that its probative value is outweighed by substantial prejudice as "expert" or "technical" testimony, even when misleading, is difficult for a jury to fairly evaluate.

    6. Admission evidence and testimony from SA Catey or others concerning historical cell cite information and the use and results from the Cellebrite UFED tool would violate Mr. Griffin's rights to a fair trial and due process of law as guaranteed by the Fifth Amendment to the United States Constitution.

MEMORANDUM IN SUPPORT

    Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify in the form of an opinion when:

>(1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principals and methods to the facts of the case.

This Court acts as in the role of "gatekeeper" in making a preliminary assessment as to whether the reasoning and methodology underlying the testimony is "scientifically valid." *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-92 (1993); *U.S. v. Hill*, 818 F.3d 289, 296-297 (7th Cir. 2016). Daubert requires that the scientific evidence and opinion must be relevant and reliable in order to be admissible. *Id.* This Court's gatekeeper role requires a finding that the evidence is "ground[ed] in the methods and procedures of science" and "represents more than subjective belief and unsupported speculation." *Daubert*, 509 U.S. at 589-590. This Court should consider whether the scientific technique "can be (and has been) tested," has been subjected to peer review and publication," and has an acceptable "known or potential rate of error", is subject to "standards controlling the technique's operation," and is generally accepted in the relevant scientific community. *Id.* at 594.

>*Kumho Tire Co., Ltd. v. Charmichael*, 526 U.S. 137, 141 (1999) expanded *Daubert* by holding that its standards applied to experts who are not scientists by who are testifying about "specialized knowledge." The Committee Notes on Rule 702 – 2000 Amendment makes clear that "[a]n opinion from an expert who is not a scientist should receive the same degree of scrutiny for reliability as an opinion from an expert who purports to be a scientist." See *Watkins v. Telsmith*, Inc. 121 F.3d 984, 991 (5th Cir. 1997)("[I]t seems exactly backwards that experts who purport to rely on general engineering principles and practical experience might escape

screening by the district court simply by stating that their conclusions were not reached by any particular method or technique."). The Government in this case bears the burden of establishing that the proffered "specialized knowledge" regarding historical cell cite information and the use and results from the Cellebrite UFED satisfies these admissibility requirements. See *Bourjaily v. U.S.*, 483 U.S. 171 (1987); *U.S. v. Saunders*, 826 F.3d 363, 3760369 (7th Cir. 2016).

*A. Government's Historical Cell Cite Opinions Are Unreliable, Prejudicial*

The Government has provided a one-page report by SA Catey and several maps that purport to illustrate his opinions regarding where cell phones purportedly associated with Mr. Griffin were on May 18 and May 19, 2018. (See Exhibit 1, attached hereto, report and maps). The maps reflect SA Catey's opinions as evidence by a "red dot" or "arc" which cell phone tower was purportedly used at a particular time. (Ex. 1). SA Catey formulated these maps by utilizing unnamed "mapping software" to plot the "latitude/longitude coordinates of the cell sites provided by the service provider." (Ex. 1). However, the accuracy and reliability of the methodology that SA Catey utilized is unreliable and has not been scientifically verified. See generally Aaron Blank, *The Limitations and Admissibility of Using Historical Cellular Site Data to Track the Location of a Cellular Phone,* 18 Rich. J.L. & Tech. 3 (2011).

Despite the appearance of a "red dot" or "arc" SA Catey cannot determine the specific location of a cell phone using the cell sites recorded by the phone service providers. SA Catey can only theorize that the cell phone service providers are providing the location of the "clearest tower" to the phone which may not be the closest physical tower to the location of the phone. SA Catey cannot offer testimony in this case regarding the external factors affected the signal strength of the surrounding cell sites, the precise coverage range of the relevant towers at the time nor how often a cellphone generally, or in Chicagoland specifically, does not connect to the

closest tower. SA Catey cannot offer testimony or evidence regarding the error rate or modifications employed during the software mapping process. SA Catey cannot offer testimony as to whether or not the coordinates for the cell towers provided by the carriers are accurate. SA Catey's report is perfunctory, lacks substance, and offers no explanation of the science it purports to apply in arriving at its "red dot" conclusions. This Court should not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). SA Catey's proposed testimony and maps are unreliable and such should not be admitted.

SA Catey's opinions and "red dot" and "arc" maps are concerning in that in their simplicity the jury may overestimate the quality of the information provided by the analysis. *Hill*, 818 at 299. The Government's technospeak and simplistic visual presentation fails to illustrate that the "red dots" and "arcs" are the result of merely SA Catey's opinions that are based upon untested and unverified assumptions. As such, the evidence fails FRE 403's balancing test and is substantially more prejudicial than probative and should thus be excluded.

**B. Government's Cellebrite Results Are Unreliable, Prejudicial**

Discovery reflects that the Government attempted to extract data from 3 cell phones purportedly seized from Mr. Griffin's care when he was arrested on August 8, 2018 in the Southern District of Illinois. Discovery reflects that law enforcement used Cellebrite UFED to extract data from the phones. The Government has not specifically designated anyone as an "expert" in the use of Cellebrite UFED. However, to the extent that the Government intends to offer such evidence and testimony through an agent acting with "specialized knowledge" it should be excluded under *Kumho Tire Co., Ltd. v. Charmichael*, 526 U.S. 137, 141 (1999).

Cellebrite Mobile Synchronization, Ltd., is an Israeli digital intelligence company that permits law enforcement to its technology in order to "analyze" cell phones. Cellebrite technology is "proprietary" and its exact mechanisms and failure rates remain unknown. The Government's use of Cellebrite technology is subject to the same *Daubert* and *Kuhmo* tests as any other "specialized knowledge" evidence. The Government is unable to provide any methodology or reliability for the Cellebrite technology and as such any evidence and testimony related to it should be excluded.

WHEREFORE Mr. Griffin moves this Court for an Order excluding from evidence at trial any evidence and testimony regarding historical cell site information and the Cellebrite UFED tool. In the alternative, Mr. Griffin requests that this Court conduct a Daubert hearing to establish its admissibility and for any additional relief that this Court deems just and proper.

    Respectfully Submitted,

    */s/ Kim C. Freter*_____
    Kim C. Freter
    Federal Public Defender
    650 Missouri Avenue, Room G10A
    East St. Louis, Illinois 62201
    Phone: (618) 482-9050
    Fax:    (618) 482-9057
    kim_freter@fd.org

    AND

    */s/ David Bruns*_____
    David Bruns
    Law Office of David Bruns, P.C.
    225 S. Meramec, Ste 1100
    Clayton, MO 63015
    Phone: (314) 832-0202
    Fax:    (314) 269-1042
    david@brunspc.com

    ATTORNEYS FOR MR. GRIFFIN